**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Jerry Lee SMITH, Defendant–Appellee.**

**No. 91–3986.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 10, 1992.

Decided Sept. 27, 1994.

---

Clarence B. Taylor, Asst. U.S. Atty., Office of the U.S. Atty., Cleveland, OH, and Sean Connelly (argued and briefed), U.S. Dept. of Justice, Crim. Div., Washington, DC, for plaintiff-appellant, cross-appellee.

David C. Jack (argued and briefed), Sremack & Jack, Akron, OH, for defendant-appellee, cross-appellant.

Before: BROWN, JONES, and RYAN, Circuit Judges.

RYAN, Circuit Judge.

The government appeals the district court's order sentencing defendant Jerry Lee Smith to a prison term of 27 months following his conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court declined to sentence Smith as an armed career criminal under 18 U.S.C. § 924(e)(1), after holding that two of Smith's four prior state felony convictions were constitutionally infirm because Smith had not been properly advised of his constitutional rights under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), before pleading guilty to those two charges.

The question we must decide is whether the district court had authority to invalidate the prior state convictions for § 924(e) sentence purposes on the grounds stated. We hold it did not and remand to the district court for resentencing.

## I.

In October 1990, police noticed Smith acting suspiciously in a Cleveland neighborhood known for its high incidence of drug dealing. When Smith, a convicted felon four times over, noticed the police car, he jogged away from the area and dropped what later proved to be a .38 caliber handgun near a pile of tires in a vacant lot. Despite Smith's testimony that he had not gone to the vacant lot and had not possessed the handgun, the jury returned a guilty verdict of felon in possession of a firearm, in violation of § 922(g)(1).

At the sentencing hearing, the government urged that Smith be sentenced under the Armed Career Criminal Act (ACCA), which requires a minimum 15–year sentence for offenders who have three or more qualifying convictions. 18 U.S.C. § 924(e)(1).

Smith's prior record included a 1984 breaking and entering conviction, two 1985 breaking and entering convictions, and a 1985 aggravated assault conviction. The two 1985 breaking and entering convictions, which are at issue here, followed Smith's guilty pleas, as did the 1984 breaking and entering conviction.

The government argued in the district court, and argues here, that all three breaking and entering convictions, as well as the 1985 aggravated assault conviction, were "violent felonies" under § 924(e)(1) and mandated application of the ACCA. Smith claimed that his breaking and entering convictions

were not violent felonies under § 924(e)(1), and that, in all events, the two 1985 breaking and entering convictions were constitutionally infirm under *Boykin,* because he had not been advised of any of his constitutional rights before pleading guilty to those charges. Two days prior to the sentencing hearing, Smith filed an affidavit to this effect and testified at the hearing consistently with his affidavit.

In an effort to carry its burden of proving both the existence of the two 1985 breaking and entering convictions and their constitutional validity, the government introduced official copies of the state court journal entries for each of the convictions. Each of the entries, signed by the state court judge who accepted the guilty pleas, declared that the defendant "in open court" was "fully advised of his constitutional rights." The government further represented to the district court that it was relying exclusively on the state court journal entries to prove the validity of the convictions because the transcript of the guilty pleas had been destroyed in a fire.

At the conclusion of the sentencing hearing, the district court held that at least three of the defendant's four prior convictions were "violent felonies" within the meaning of § 924(e)(1), including the two 1985 breaking and entering convictions Smith claimed were constitutionally invalid under *Boykin.* The breaking and entering convictions were found to qualify as § 924(e)(1) burglaries under *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The district court also found that "the defendant's testimony was sufficient to overcome the presumption that might attend the use by the Common Pleas Court of Cuyahoga County of a printed form that declared that the defendant had been advised of his constitutional rights," and held that the two 1985 breaking and entering convictions were constitutionally invalid under *Boykin.* (Footnote omitted.)

Consequently, the court declined to sentence the defendant under the terms of the ACCA and, instead sentenced him to a term of imprisonment of 27 months.

## II.

The government appealed and claimed, on a number of grounds, that the district court was without authority, statutory or constitutional, to invalidate Smith's state court breaking and entering convictions for noncompliance with *Boykin.* We held the case pending our *en banc* decision in *United States v. McGlocklin,* 8 F.3d 1037 (6th Cir. 1993), *cert. denied,* — U.S. —, 114 S.Ct. 1614, 128 L.Ed.2d 341 (1994), in which this issue was to be addressed. The Sixth Circuit *en banc* decided *McGlocklin* in September 1993, holding in effect that a district court has discretion to entertain a challenge to the constitutional validity of prior state convictions upon which the government wishes to rely for § 924(e)(1) sentencing purposes. We continued to hold this case, however, because at the time of our *en banc* decision in *McGlocklin,* the United States Supreme Court had granted *certiorari* in *United States v. Custis,* 988 F.2d 1355 (4th Cir.), *cert. granted,* — U.S. —, 114 S.Ct. 299, 126 L.Ed.2d 248 (1993), which presented the identical issue to the Supreme Court.

*Custis* has now been decided and it holds that neither § 924(e) nor the Constitution permit a defendant to "collaterally attack the validity of previous state convictions that are used to enhance his sentence under the ACCA ... with the sole exception of convictions obtained in violation of the right to counsel." *Custis v. United States,* — U.S. —, —, 114 S.Ct. 1732, 1734, 128 L.Ed.2d 517 (1994).

Custis, like Smith in this case, was charged with being a felon in possession of a firearm, in violation of § 922(g)(1). Custis was also charged with a drug trafficking offense and with using a firearm in connection with the offense. After being convicted of the firearm possession offense, Custis challenged the validity of two of the three prior state convictions cited by the government as justifying sentencing under the ACCA. Custis argued that his prior state convictions for burglary and attempted burglary were constitutionally infirm. The burglary conviction, Custis claimed, was obtained in violation of *Boykin* because he was rendered ineffective assistance of counsel, resulting in a guilty plea

that was "not knowing and intelligent." *Id.* The attempted burglary conviction, Custis claimed, was likewise constitutionally invalid because of the ineffective assistance of counsel who permitted Custis to plead guilty on stipulated facts that showed only attempted breaking and entering. Both the district court and the Court of Appeals for the Fourth Circuit held that a federal district court may not, for purposes of sentencing under § 924(e), entertain a collateral attack upon the constitutional validity of a prior state conviction except when there was a complete denial of counsel in the prior proceedings. *Custis,* 988 F.2d at 1360; *United States v. Custis,* 786 F.Supp. 533, 536 (D.Md. 1992) (citing *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) and *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967)). As we have seen, the Supreme Court agreed. *Custis,* —— U.S. at ——, 114 S.Ct. at 1739.

### III.

*Custis* is indistinguishable from this case; the rule announced there is controlling here.

Therefore, the sentence is **VACATED** and the case is **REMANDED** to the district court for the defendant's resentencing.